**PAN AMERICAN WORLD AIR-
WAYS, Inc.**

v.

**UNITED STATES.**

United States District Court,
S. D. New York.
Dec. 15, 1953.

Cleary, Gottlieb, Friendly & Hamilton, New York City (George E. Cleary,

New York City, of counsel), for plaintiff.

J. Edward Lumbard, U. S. Atty., Washington, D. C. (Arthur S. Ecker, Asst. U. S. Atty., New York City, of counsel), for defendant.

GODDARD, District Judge.

Cross-motions for summary judgment. The facts were stipulated.

Plaintiff corporation overpaid its income and declared value excess profits taxes for 1943 and 1944 in the sum of $174,298.72. By a Revenue Agent's report, dated March 15, 1951, sent to the taxpayer under date of April 20, 1951, the Internal Revenue Agent-in-charge proposed an overassessment of $174,-298.72 for the years 1943 and 1944, and a deficiency in tax of $68,685.44 for 1945 and of $2,608,482.24 for 1946.

On March 7, 1951, the plaintiff executed Form 874, A Waiver of Restrictions on Assessment and Collection of Deficiency in Taxes, consenting to the assessment and collection of the proposed deficiencies and accepting the proposed overassessments as correct.

On May 10, 1951, plaintiff filed a claim for refund plus interest. On June 25, 1951, the Commissioner of Internal Revenue assessed the additional income taxes for 1945 and 1946 and, in a Statement of Income Tax Due, credited against these deficiencies the overpayments of tax for 1943 and 1944, including interest on the overpayments to April 8, 1951.

Plaintiff objected to the amount of interest allowed on the overpayments, claiming that interest was payable to June 25, 1951, the date of the additional assessment. The Commissioner rejected this claim and this suit is for that interest, in the amount of $2,160.25.

Plaintiff argues that Title 26 U.S.C.A. § 3771(b)(1) expressly requires the allowance of interest up to the date of the additional assessment. The government argues that, since Title 26 U.S.C.A. § 292(a) precludes the government from collecting interest beyond April 8, 1951,

a date 30 days after the filing by plaintiff of the waiver above mentioned, no interest should accrue to plaintiff on the overpayments after April 8, during this period when the government is prevented from collecting interest on the overall net deficiency.

Applicable statutory provisions of Title 26 U.S.C.A. are:

"§ 272. Procedure in general

"(a)(1) Petition to The Tax Court of the United States. If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * *

*  *  *  *  *  *

"(d) Waiver of restrictions. The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency."

"§ 292. Interest on deficiencies

"(a) General rule. Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a

part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax * * * to the date the deficiency is assessed, or, in the case of a waiver under section 272(d), to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier. * * *"

"§ 3771. Interest on overpayments

"(a) Rate. * * *

"(b) Period. Such interest shall be allowed and paid as follows:

"(1) Credits. In the case of a credit, from the date of the overpayment to the due date of the amount against which the credit is taken, *but if the amount against which the credit is taken is an additional assessment of a tax imposed by the Revenue Act of 1921, 42 Stat. 227, or any subsequent Revenue Act, then to the date of the assessment of that amount.*" [Emphasis added.]

The statutory provisions are clear and unambiguous and expressly applicable. The government urges, however, that thus reading them gives rise to an inequitable result; and so the plain words of the statute should be ignored and expression given to an asserted legislative policy that the taxpayer ought not to be allowed to recover interest on the overpayments for a period when the government is barred from collecting interest on the deficiencies.

■ The statutory sections, *themselves,* give rise to no inherently inequitable situation, and when the statute is plain and unequivocal there is no need to go behind it to search for the legislative policy.

■ The purpose of Section 272(d) is obviously to permit the taxpayer to settle his tax liability and the government to get its money without delay where no controversy remains between the taxpayer and the Commissioner. To induce the taxpayer to execute the waiver, Section 292 provides that interest on the deficiencies shall run only until the thirtieth day after filing of the waiver.

While saving the taxpayer from the continued running of interest against him, Section 292 also protects the government from the abrupt termination of the running of interest by the filing of the waiver. The Commissioner has the thirty day period of grace in which to act.

By the waiver the taxpayer consented to the assessment and collection of the deficiencies and to the overassessments determined by the government's audit. There is then no reason for further delay. The waiver releases the Commissioner from the waiting period provided by Section 272, before he may assess.

■ The statutory sections appear to express a carefully integrated program providing for interest, fully protecting both the government and the taxpayer. Had the Commissioner acted within the thirty day period provided, and made the assessment, the interest running on both the deficiencies and the overpayments would have terminated together. Failure of the government to take advantage of the protection offered it does not seem to me to be grounds for ignoring the explicit provisions of Section 3771(b)(1).

In Max Factor & Co. v. United States, 51-1 U.S.T.C.Par. 9195, (D.C.Cal.1951), a similar case, Judge Yankwich held that interest must be computed in accordance with the provisions of Section 3771(b)(1). The United States did not appeal the Factor case.

Plaintiff's motion for summary judgment is granted. Defendant's cross-motion for summary judgment is denied.

Settle order on notice.