**WATERMAN STEAMSHIP CORPORA-TION, a Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 919.

United States District Court, S. D. Alabama, S. D.

Dec. 31, 1954.

Thomas E. Twitty, Inge, Twitty, Armbrecht & Jackson, Mobile, Ala., for plaintiff.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, and Homer R. Miller, Sp. Assts. to Atty. Gen., Percy C. Fountain, U. S. Atty., Mobile, Ala., for defendant.

THOMAS, District Judge.

This cause coming on to be heard on the motion filed by the plaintiff for summary judgment with respect to the "Third Claim" and with respect to the "Fourth Claim" of the complainant and upon the counter-motion filed by the defendant for summary judgment with respect to each of said claims, and upon the agreement of the parties that each of said motions be submitted on the facts alleged in said complaint and admitted in answer of the respondent and on briefs to be filed by each of the parties, and it appearing that the parties have filed their briefs in support of their respective motions, and that the said matter has been taken under submission by this court, and due consideration having been given thereto by the court, the court hereby enters its findings of fact, conclusion of law and judgment thereon as follows:

Findings of Fact With Respect to the "Third Claim"

This action arises under the provisions of Sections 1346(a)(1) and 1402 of Title 28 of the United States Code. The plaintiff is a corporation organized and existing under the laws of the State of Alabama with its principal office and place of business in the City of Mobile, Alabama, within the jurisdiction of this Court. The Third Claim is to recover additional interest alleged to be due from the defendant to the plaintiff on an overpayment by the plaintiff for Federal Excess Profits Taxes for the plaintiff's fiscal year ended September 30, 1942, which taxes were paid by plaintiff to the Collector of Internal Revenue at Birmingham, Alabama, for which a claim for refund for such additional interest was filed by the plaintiff with the said Collector on, to-wit, December 29, 1948. The Collector of Internal Revenue by whom said overpayment of taxes was collected was not in office when this action was commenced. The plaintiff paid to the said Collector Excess Profits Taxes for said year, said payments being on

254

the following dates and in the following respective amounts, to-wit:

| December 14, 1942 | $837,500.00 |
| June 14, 1943 | $811,439.44 |
| June 14, 1943 | $824,469.72 |
| September 14, 1943 | $824,469.72 |
| | |
| Total | $3,297,878.88 |

Under date of, to-wit, April 5, 1944, the plaintiff filed with the said Collector claims for refund or credit on account of overpayments of said Excess Profits Taxes for said fiscal year ended September 30, 1942, which claims were allowed in the following respective principal amounts, namely: $16,486.66 as an Excess Profits post war credit, and $500,586.69 as an Excess Profits credit; said credits aggregating $517,073.35 principal amount, which credits in said aggregate principal amount were allowed by the defendant to the plaintiff by applying the same against additional assessments of taxes imposed upon the plaintiff by the Revenue Acts of the United States enacted subsequent to the Revenue Act of 1921, and which additional assessments were made on, to-wit, March 12, 1948. The defendant allowed the plaintiff the sum of $92,812.19 on account of interest on the above mentioned credits. On, to-wit, December 29, 1948, the plaintiff filed a claim for refund with the Commissioner of Internal Revenue, Claims Control Division, Washington, D. C., and with the Collector of Internal Revenue at Birmingham, Alabama, in which the plaintiff claimed of the defendant additional interest on said credits at the rate of six percent (6%) per annum from April 5, 1944 (which was the date upon which the plaintiff filed claims for refund thereof) to the following respective dates: Interest to December 31, 1945, with respect to said sum of $16,486.66, and interest to March 12, 1948, with respect to said sum of $500,586.69, said dates being the dates of said additional assessments, respectively, the said interest so claimed to said respective dates aggregating $119,981.02. Under date of, to-wit, January 17, 1952, the Commissioner of Internal Revenue by registered mail to the plaintiff denied the plaintiff's said claim for such additional interest.

Findings of Fact With Respect to the "Fourth Claim"

The Fourth Claim arises under the provisions of Sections 1346(a)(1) and 1402 of Title 28 of the United States Code, and is a claim to recover additional interest alleged to be due from the defendant to the plaintiff on an alleged overpayment by the plaintiff of Federal Income Taxes for the plaintiff's fiscal year ended September 30, 1944, which taxes were paid by the plaintiff to the Collector of Internal Revenue at Birmingham, Alabama, for which a claim for refund for such additional interest was filed by the plaintiff with said Collector on, to-wit, December 29, 1948. The said Collector by whom said alleged overpayment of taxes was collected was not in office when this action was commenced. The plaintiff paid to the said Collector income taxes for the plaintiff's fiscal year ended September 30, 1944, on the following dates and in the following respective amounts, to-wit:

| December 11, 1944 | $ 90,000.00 |
| March 14, 1945 | 90,000.00 |
| June 13, 1945 | 519,444.48 |
| September 12, 1945 | 233,148.15 |
| | |
| | $932,592.63 |

Under date of, to-wit, September 13, 1945, the plaintiff filed with the said Collector of Internal Revenue at Birmingham, Alabama, claim for refund or credit on account of overpayments of said income taxes for said fiscal year ended September 30, 1944, which claim was allowed in the amount of, to-wit, $55,400 principal amount by the allowance to the plaintiff of a credit in said amount of, to-wit, $55,400 with interest thereon from the said date of September 13, 1945, to April 17, 1947, which interest so allowed amounted to $5,299.43, and which allowance was applied against additional assessments of taxes imposed upon the plaintiff by the Revenue Acts

of the United States enacted subsequent to the Revenue Act of 1921, and which additional assessments were made on, to-wit, March 12, 1948. On, to-wit, December 29, 1948, plaintiff filed its claim for refund with the Commissioner of Internal Revenue, Claims Control Division, Washington, D. C., and with the Collector of Internal Revenue at Birmingham, Alabama, in which the plaintiff claimed of the defendant additional interest with respect to such credit, the additional interest so claimed being at the rate of six percent (6%) per annum from September 13, 1945 (which was the date upon which the plaintiff filed the said claim for refund thereof) to the said date of March 12, 1948, which was the date that the said additional assessments were made, such additional interest so claimed being in the amount of $8,306.21. The defendant allowed the plaintiff the sum of $5,299.43 interest on account of such credits, which leaves a balance claimed by the plaintiff on account of such interest in the amount of $3,006.78. No action was taken with respect to said claim for refund either by the Commissioner of Internal Revenue or by the said Collector of Internal Revenue, and, therefore, the Fourth Claim seeks to recover the said sum of $3,006.78, together with interest thereon from, to-wit, September 13, 1945.

The above facts are alleged in the complaint in this case and are admitted by the defendant in its answer. The plaintiff herein agreed to the aforesaid deficiencies and overassessments and pursuant to the provisions of Section 272(d), Internal Revenue Code, 26 U.S. C.A. executed Treasury Form 874, on March 18, 1947. Under said Treasury Form it was provided that the plaintiff waived the restrictions provided in Section 272(a), Internal Revenue Code, on the assessment and collection of the deficiencies involved and consented that the assessment might be made at any time thereafter. Said Treasury Form 874 was on March 18, 1947, duly accepted by the Commissioner of Internal Revenue. Accordingly, there is no genuine dispute between the parties with respect to any of the material facts in this case, and the issues, therefore, resolve themselves into questions of law.

## Conclusions of Law

1. The sole question involved in the Third Claim and in the Fourth Claim in the amended petition in this case relates to the amount of interest on the overassessments set forth in the finding of fact set out above. Plaintiff claims and contends that interest on said overassessments should be computed up to March 12, 1948, on which date the Commissioner assessed the deficiencies against which said overassessments were credited. The defendant contends that interest on said overassessments ceased on the expiration of thirty (30) days from March 18, 1947, on which date the Treasury Form 874 was executed and accepted. The Court concludes as a matter of law that under the provisions of the Internal Revenue Code of the United States, and particularly Section 3771(b)(1) thereof, the plaintiff with respect to said credits was and is entitled to interest thereon at the rate of six percent (6%) per annum from the respective dates upon which the plaintiff filed claims for refund thereof as set out above to the respective dates upon which the said additional assessments were made as set out above. Section 3771 provides that interest shall be allowed and paid upon any overpayment in respect of any Internal Revenue Tax at the rate of six percent (6%) per annum and that in the case of a credit, the interest is allowed from the date of the overpayment to the due date of the amount against which the credit is taken, but if the amount against which the credit is taken is an additional assessment of a tax imposed by the Revenue Act of 1921 or any subsequent Revenue Acts, then the interest is allowed "to the date of the assessment of that amount." This statute is clear and unambiguous. Under its provisions, the plaintiff is entitled to recover the amounts claimed under the Third Claim and under the Fourth Claim of the complaint, as

amended. See Pan American World Airways, Inc., v. United States, D.C.S.D. N.Y., 119 F.Supp. 144; Max Factor & Company v. United States, 51–1 U.S.T.C. Par. 9195 (D.C.Cal.1951); Virginia Electric and Power Company v. United States, Ct.Cl., 126 F.Supp. 178.

### Judgment

1. It is ordered and adjudged that the plaintiff have and recover of the defendant under the Third Claim of the amended complaint the sum of $44,670.-07 (being the said sum of $27,168.83 together with interest thereon from, to-wit, the 5th day of April, 1944) together with such interest thereon as may accrue after the date of this judgment, and all recoverable costs.

2. It is further ordered and adjudged that the plaintiff have and recover of the defendant under the Fourth Claim of the amended complaint the sum of $4,683.54 (being the said sum of $3,006.78, together with interest thereon from, to-wit, September 13, 1945) together with such interest thereon as may accrue after the date of this judgment, and all recoverable costs.