**DEWEY PORTLAND CEMENT COMPANY, a Corporation,**

v.

**The UNITED STATES.**

No. 523.

United States Court of Claims.

Feb. 8, 1955.

G. Lee Burns, Kansas City, Mo., for plaintiff. Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., were on the briefs.

Girard R. Jetton, Jr., Washington, D. C., with whom was Asst. Atty. Gen. H. Brian Holland, for defendant. Andrew D. Sharpe and Andrew F. Oehmann, Washington, D. C., were on the briefs.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

The plaintiff corporation sues to recover $5,410.28 as interest with interest thereon. The case is before us on cross-motions for summary judgment. The facts necessary to the decision can be briefly stated. The plaintiff filed its tax returns on a calendar-year basis. On April 17, 1945, the plaintiff filed a claim for refund of excess profits tax for the year 1942, on the ground that there should be included in its unused excess profits credit adjustment for 1942 an unused excess profits credit for 1944. On November 21, 1946, the plaintiff amended its claim for refund to claim a different sum. On March 8, 1946, the plaintiff filed a claim for refund of excess profits tax for 1943, on the ground that there should be included in its unused excess profits credit adjustment for 1943 an unused excess profits credit for 1945. The Commissioner of Internal Revenue after various adjustments, proposed an assessment for income tax deficiencies for the years 1942, 1943, 1944 and 1945. On July 23, 1946, the plaintiff, pursuant to section 272(d) of the Internal Revenue Code, 26 U.S.C.A., filed a Waiver of Re-

---

1. Palmer v. United States, Ct.Cl., 121 F. Supp. 643; Harmon v. United States, 124 Ct.Cl. 751; Gray v. United States, 124 Ct.Cl. 313.

strictions on Assessment and Collection of the income tax deficiencies in the amount of $340,174.54. On November 22, 1946, the Commissioner assessed the income tax deficiencies in the amount of $340,174.54, with interest thereon in the amount of $20,510.88. The interest on the deficiencies was computed to August 22, 1946, 30 days after the filing of the waiver of restrictions. The amount of the income tax deficiencies and interest thereon are not in dispute.

On November 7, 1947, the Commissioner, after various adjustments signed the overassessment schedule and issued certificates of overassessments for the years 1942 and 1943 in the amounts of $368,655.66 and $361,856.10, respectively, with interest thereon in the amount of $60,638.26. The parties are in agreement as to the correctness of the amount of the principal. The part of the interest computation in dispute is set forth below.[1]

The Commissioner, pursuant to section 3770(a) (4), credited the necessary amount of the overpayment against the deficiencies and interest thereon to eliminate the latter two and then refunded the difference. The parties agree that the filing of the section 272(d) Waiver of Restrictions on Assessment and Collection stopped the accrual of interest on the deficiencies pursuant to section 292 (a), on August 22, 1946, which was the thirtieth day after the filing of the waiver.

The only question presented is the date the interest stopped accruing on the amount of the overpayment that was credited against the deficiencies and interest thereon. The defendant contends that the interest stopped accruing on August 22, 1946, the date that it stopped on the deficiencies. The plaintiff contends that the interest stopped accruing on November 22, 1946, the date of assessment of the deficiencies.

This issue has already been decided in favor of the taxpayer. Interest runs on that part of the overpayment until the date of the *assessment* of the deficiencies against which it is credited; Virginia Electric and Power Co. v. United States, Ct.Cl., 1954, 126 F.Supp. 178, No. 37–52; Ash Grove Lime & Portland Cement Co. v. United States, Ct.Cl., 128 F. Supp. 387; see also Riverside & Dan River Cotton Mills v. United States, 37 F.2d 965, 69 Ct.Cl. 70; Max Factor & Co. v. United States, D.C.S.D.Cal., unofficially reported par. 72,323 P–H Fed. 1951, CCH 51–1 USTC par. 9195, 43 AFTR 1118; Pan American World Airways, Inc., v. United States, D.C.S.D. N.Y., 119 F.Supp. 144. In the instant case that date was November 22, 1946.

Plaintiff's motion for summary judgment is granted, and plaintiff is entitled to recover $5,410.27, with interest thereon from November 22, 1946, as provided by law.

Defendant's motion for summary judgment is denied.

It is so ordered.

LARAMORE, MADDEN and WHITAKER, Judges, concur.

JONES, Chief Judge (dissenting).

For the reasons which I gave in dissenting from the opinion of the court in Virginia Electric and Power Company v. United States, Ct.Cl., 1954, No. 37–52, I respectfully dissent.

1. The Commissioner computed and allowed interest under the waiver as follows:

| Amount of Tax | Interest Period From | To | Amount of Interest |
|---|---|---|---|
| $9,625.80 | 12–14–43 | 8–22–46 | $1,552.79 |
| 322,164.29 | 4–17–45 | 8–22–46 | 26,037.93 |
| 4,914.94 | 12–13–44 | 8–22–46 | 498.76 |
| 23,980.39 | 3– 8–46 | 8–22–46 | 654.70 |
| 360,685.42 | | | 28,744.16 |

The plaintiff contends that interest on the foregoing amounts should have been computed and allowed under the Statute as follows:

| Amount of Tax | Interest Period From | To | Amount of Interest |
|---|---|---|---|
| $9,625.80 | 12–14–43 | 11–22–46 | $1,697.17 |
| 322,164.29 | 4–17–45 | 11–22–46 | 30,870.40 |
| 4,914.94 | 12–13–44 | 11–22–46 | 572.48 |
| 23,980.39 | 3– 8–46 | 11–22–46 | 1,014.40 |
| 360,685.42 | | | 34,154.45 |