ASH GROVE LIME & PORTLAND CE-
MENT COMPANY, a Corporation,

v.

The UNITED STATES.

No. 524.

United States Court of Claims.

Feb. 8, 1955.

G. Lee Burns, Kansas City, Mo., for plaintiff. Stinson, Mag, Thomson, Mc-Evers & Fizzell, Kansas City, Mo., were on the briefs.

Girard R. Jetton, Jr., Washington, D. C., with whom was Asst. Atty. Gen., H. Brian Holland, for defendant. Andrew D. Sharpe and Andrew F. Oehmann, Washington, D. C., were on the briefs.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

The plaintiff corporation sues to recover $3,191.76 as interest with interest thereon. The case is before us on cross-motions for summary judgment. The facts necessary to the decision can be briefly stated. The plaintiff filed its tax returns on a calendar-year basis. On March 24, 1945, the plaintiff filed a claim for refund of excess profits tax for 1942, on the ground that there should be included in its unused excess profits credit adjustment for 1942 an unused excess profits credit for the year 1944. The Commissioner of Internal Revenue found an error in the plaintiff's original return for 1942 which resulted in an excess profits tax "tentative" deficiency of $4,042.60, and a corresponding "tentative"income tax overpayment of $2,850.-02. By reason of the application of the unused excess profits credit carryback there was an overpayment of $542,422.60 in excess profits tax and a deficiency of $241,076.70 in income tax. The Commissioner deducted the $2,850.02 "tentative" income tax overpayment from the $241,076.70 income tax deficiency and the $4,042.60 "tentative" excess profits tax deficiency from the $542,422.60 excess profits tax overpayment and determined deficiencies and overassessments for 1942 in the amounts of $238,226.68 and $538,-380, respectively. For the year 1944 the Commissioner determined deficiencies in income and declared value excess profits taxes of $1,004.62 and $177.47, respectively, or a total of $1,182.09, and for 1945, $59.53 and $22.63, respectively, or a total of $82.16.

On August 7, 1945, the plaintiff pursuant to section 272(d), Internal Revenue Code, 26 U.S.C.A., filed a Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment on a $238,226.68 income tax deficiency for 1942 and a $538,380 excess profits tax overassessment for 1942 and the $1,182.09 deficiency for 1944. On September 13, 1946, the plaintiff filed such a waiver with respect to the $82.16 deficiency for 1945.

On November 23, 1945, the Commissioner assessed deficiencies for 1942 and 1944 in the amounts of $241,076.70, plus $6,581.72 interest thereon, and $1,182.09, plus $34.02 interest thereon, respectively. On January 24, 1947, he assessed the deficiency of $82.16 for 1945, with $2.84 interest thereon, or a total of $85. On September 8, 1947, the Commissioner, after various adjustments, signed the overassessment schedule and issued a certificate of overassessment for the year 1942 in the amount of $538,380.

The Commissioner, pursuant to section 3770(a) (4),[1] credited the necessary amount of the overpayments against the deficiencies and interest thereon to eliminate the latter two, and then refunded the $238,731.08 difference.

The parties are in agreement as to the dates interest began to run on the deficiencies and overassessments. The parties also agree that the filing of the section 272(d)[2] waiver stopped the accrual of interest on September 7, 1945, 30 days after the filing of the waiver, pursuant to section 292(a),[3] on the $238,226.68 net income tax deficiency for 1942 which was specifically covered by the waiver. They also agree that the interest stopped accruing on the $82.16 deficiency for 1945, on October 13, 1946. The part of the interest computation in dispute is set forth below.[4]

1. Section 3770(a) (4) provides:
"*Credit of overpayment of one class of tax against another class of tax due.* Notwithstanding any provision of law to the contrary, the Commissioner may, in his discretion, in lieu of refunding an overpayment of tax imposed by any provision of this title, credit such overpayment against any tax due from the taxpayer under any other provision of this title."

2. Section 272(d) provides:
"(d) *Waiver of restrictions.* The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency."

3. Section 292(a) provides:
"(a) *General rule.* Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax (or, if the tax is paid in installments, from the date prescribed for the payment of the first installment) to the date the deficiency is assessed, or, in

the case of a waiver under section 272(d), to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier. If any portion of the deficiency assessed is not to be collected by reason of a prior satisfaction, in whole or in part, of the tax, proper adjustment shall be made with respect to the interest on such portion."

4. The Commissioner computed and allowed interest under the waiver as follows:

| | Amount of Tax | Interest Period From— | To— | Amount of Interest |
|---|---|---|---|---|
| Item No. | | | | |
| (a) | $2,850.02 | 12- 9-43 | 9- 7-45 | $298.59 |
| (b) (1) | 4,042.60 | 3-24-45 | 9- 7-45 | 110.37 |
| (b) (3) | 245,725.92 | 3-24-45 | 9- 7-45 | 6,708.65 |
| (b) (4) | 85.00 | 3-24-45 | 10-13-46 | 7.92 |
| Total | | | | 7,125.53 |

The plaintiff contends that interest on the foregoing amounts should have been computed and allowed under the Statute, for the periods and in the amounts, as follows:

| | Amount of Tax | Interest Period From— | To— | Amount of Interest |
|---|---|---|---|---|
| Item No. | | | | |
| (a) | $2,850.02 | 12- 9-43 | 11-23-45 | $334.31 |
| (b) (1) | 4,042.60 | 3-24-45 | 11-23-45 | 161.43 |
| (b) (3) | 245,725.92 | 3-24-45 | 11-23-45 | 9,812.20 |
| (b) (4) | 85.00 | 3-24-45 | 1-24-47 | 9.35 |
| Total | | | | 10,317.29 |

The Commissioner allowed interest on that part of the overpayment that was credited against the deficiencies to 30 days after the filing of the waiver, or September 7, 1945 as to the 1942 deficiencies, and October 13, 1946 as to the 1945 deficiencies. The plaintiff contends that interest should have been allowed to the date of the assessment of the deficiencies, November 23, 1945 as to the 1942 deficiencies and January 24, 1947 as to the 1945 deficiencies. The amounts set forth in footnote 4 represent the part of the overpayment that was used to offset the deficiencies and interest thereon.

■ The first question presented is the dates the interest stopped accruing on that part of the overpayment which was credited against the deficiencies specifically covered by the waivers executed under section 272(d). This issue has already been decided in favor of the taxpayer. Interest runs on that part of the overpayment until the date of the assessment of the deficiencies against which it is credited. Section 3771(b) (1) of the 1939 Code as amended; Virginia Electric and Power Co. v. United States, Ct.Cl.1954, 126 F.Supp. 178, No. 37–52; Dewey Portland Cement Co. v. United States, Ct.Cl., 128 F.Supp. 385; see also Riverside & Dan River Cotton Mills v. United States, 37 F.2d 965, 69 Ct.Cl. 70; Max Factor & Co. v. United States, D.C.S.D.Cal., unofficially reported par. 72,323 P-H Fed.1951; CCH 51–1 USTC par. 9195, 43 AFTR 1118; Pan American World Airways, Inc. v. United States, D.C.S.D.N.Y., 119 F. Supp. 144.

In addition to what was stated in the above-cited cases it may be noted that the effect of the filing of a waiver under section 272(d) in the present case is similar to the waiver's effect where only a deficiency is involved. If the Commissioner does not assess the deficiency within the 30-day period following the filing of the waiver, the Commissioner is deprived of interest and the taxpayer has the benefit of the money owed the Government until the assessment is made, and theoretically would be earning interest thereon. In the present case the Government already has the money and in effect pays the interest that the taxpayer theoretically could have earned had it had the use of the money.

The other question raised in this case is the date that interest stopped accruing on the 1942 "tentative" income tax overpayment of $2,850.02 and the "tentative" excess profits tax deficiency of $4,042.60 which were deducted by the Commissioner in determining the income tax deficiency and excess profits tax overpayment and were not specifically made the subject of a waiver of assessment and collection or acceptance of overassessment.

The $2,850.02 "tentative" income tax overpayment was used to reduce the $241,076.70 income tax deficiency to $238,226.68 for purposes of the Waiver of Assessment and Collection of Deficiency in Tax. However, the full income tax deficiency of $241,076.70 was assessed and eliminated by credit. The $4,042.60 "tentative" excess profits tax deficiency was used to reduce the $542,-422.60 excess profits tax overpayment to $538,380 for the Acceptance of the Overassessment and the actual overassessment. The reason or authority for this method of crediting and inconsistent treatment is unexplained.

The result of this method of crediting, the defendant contends, is that since the plaintiff only waived interest on an income tax deficiency of $238,226.68, when there was really a $241,076.70 income tax deficiency, the interest continued to accrue on the balance, $2,-850.02, until it was effectively eliminated by credit. The defendant also contends that since the $4,042.60 "tentative" deficiency for excess profits taxes was never proposed, waived, or assessed, the interest continued to accrue on that sum until it was effectively eliminated by credit. The defendant concludes that it matters not when these two sums are effectively eliminated by their counterparts because interest accrues at the same rate on the $2,850.02 "tentative"

income tax overpayment and its $2,850.02 income tax deficiency counterpart, and on the $4,042.60 "tentative" excess profits tax deficiency and its $4,042.60 excess profits tax overpayment counterpart.

The adoption of the defendant's contention would only lead to confusion, law suits and frustration of the interest scheme provided in sections 292 [5] and 3771 [6] of the Code. The fact that the Commissioner for convenience or some reason physically netted or credited the deficiency and overpayment at a certain time should not affect the termination dates on the accrual of interest on either the deficiency or overpayment which are provided in the Code, regardless of when the physical netting or crediting was made.

Section 292(a) provides that interest at the rate of 6 percent shall be paid on a deficiency from the date prescribed for the payment of the tax to the date the deficiency is assessed, or in the case of a waiver under section 272(d), to the thirtieth day after the filing of the waiver or to the date the deficiency is assessed whichever is the earlier. Section 3771(a) and (b) provides that interest at the rate of 6 percent shall be paid on overpayments from the date of overpayment to a date preceding the date of the refund check by not more than 30 days, or in case of a credit to the date of the assessment of the amount against which the credit is taken. These sections by their language presuppose an assessment. Thus it is apparent that the effective date of the credit is the assessment date of the deficiency against which the credit is taken.

In the present case, when the Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment was executed, both parties were fully aware of the actual deficiencies and overassessments and the plaintiff obviously intended to stop the running of interest on all the deficiencies in question here, and the Commissioner obviously intended that the waiver and acceptance cover all the known deficiencies and overpayments in question here. The Commissioner treated the $4,042.60 "tentative" excess profits tax deficiency as being covered by the waiver of restrictions. The Commissioner, separate and apart from this proceeding, assessed and collected interest on that sum from the due date, March 15, 1943, to September 7, 1945, the thirtieth day after the filing of the waiver.

We, therefore, conclude that that part of the $241,076.70 income tax deficiency corresponding to the $2,850.02 "tentative" income tax overpayment, and the $4,042.60 "tentative" excess profits tax deficiency, were covered by the Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment executed

5. See footnote 3.

6. Section 3771 provides:

"(a) *Rate.* Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the rate of 6 per centum per annum.

"(b) *Period.* Such interest shall be allowed and paid as follows:

"(1) *Credits.* In the case of a credit, from the date of the overpayment to the due date of the amount against which the credit is taken, but if the amount against which the credit is taken is an additional assessment of a tax imposed by the Revenue Act of 1921, 42 Stat. 227, or any subsequent Revenue Act, then to the date of the assessment of that amount.

"(2) *Refunds.* In the case of a refund, from the date of the overpayment to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer. The acceptance of such check shall be without prejudice to any right of the taxpayer to claim any additional overpayment and interest thereon.

"(c) *Additional assessment defined.* As used in this section the term 'additional assessment' means a further assessment for a tax of the same character previously paid in part, and includes the assessment of a deficiency of any income or estate tax imposed by the Revenue Act of 1924, 43 Stat. 253, or by any subsequent Revenue Act."

on August 7, 1945, and that the $4,042.-60 "tentative" excess profits tax deficiency is deemed to have been assessed on November 23, 1945, for interest and crediting purposes. The interest, therefore, should have been allowed the plaintiff to the assessment dates of the deficiencies against which they were credited.

The plaintiff's motion for summary judgment is granted and plaintiff is entitled to recover $3,191.76, with interest on $3,190.33 thereof from November 23, 1945, and interest on $1.43 thereof from January 24, 1947, as provided by law.

The defendant's motion for summary judgment is denied.

It is so ordered.

LARAMORE, MADDEN and WHITAKER, Judges, concur.

JONES, Chief Judge (dissenting).

For the reasons which I gave in dissenting from the opinion of the court in Virginia Electric and Power Company v. United States, Ct.Cl., 1954, No. 37–52, I respectfully dissent.