**The ABNEY MILLS, Successor to Brandon Corp.,**
v.
**The UNITED STATES.**
No. 73–54.

United States Court of Claims.
April 5, 1955.

Joseph E. McAndrews, Washington, D. C., for plaintiff. Ivins, Phillips & Barker, Washington, D. C., were on the briefs.

Elizabeth B. Davis, Washington, D. C., with whom was H. Brian Holland, Asst. Atty. Gen., for defendant. Andrew D.

Sharpe, Washington, D. C., was on the briefs.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

The plaintiff brings this action to recover $3,473.73, with interest thereon, on the ground that the defendant refused to allow this sum as interest on overpayments of taxes for the fiscal years ending August 31, 1943, 1944, 1947, and 1948.[1]

The plaintiff duly filed its income tax returns for the fiscal years ending August 31, 1943, 1944, 1947, and 1948 (hereinafter referred to as years 1943, 1944, 1947, and 1948, respectively). The Commissioner of Internal Revenue determined overpayments in income taxes for each of the years 1943, 1944, 1947, and 1948, in the amounts of $16,136.20, $1,-940.65, $2,605.21, and $16,853.81, respectively. The certificates of overassessment were issued in 1951.

Prior to November 17, 1947, the Commissioner proposed excess profits tax deficiencies for the fiscal years ending August 31, 1943, 1944, and 1945 (hereinafter referred to as years 1943, 1944, and 1945, respectively). On November 17, 1947, the plaintiff made a cash payment of $65,000 to the Commissioner to stop the running of interest on this amount of the proposed excess profits tax deficiencies. This money was put in a suspense account by the Commissioner. Excess profits tax deficiencies were later determined for 1943, 1944, and 1945 in the amounts of $45,340.98, $10,780.26, and $53,458.52, respectively. An income tax deficiency for 1945 in the amount of $17,741.44 was also determined. A waiver of restrictions on assessment and collection of deficiencies in tax and acceptance of overpayment, agreeing to the deficiencies in income and/or excess profits taxes for the years 1943, 1944, and

---

[1] The plaintiff moved for judgment on the pleadings and the defendant moved for a summary judgment. Since matters in addition to the pleadings have been considered, the motions will be treated as cross-motions for summary judgment.

1945, and overpayments for the years 1943 and 1944, was filed on December 18, 1950. Another waiver was filed by the plaintiff on February 13, 1951, accepting the income tax overpayments for 1947 and 1948.

The Commissioner credited the $65,000 cash payment made on November 17, 1947, against the 1943 and 1944 excess profits tax deficiencies, which, after credit for postwar refund, satisfied these deficiencies in full, and credited the balance, $22,932.03, against the excess profits tax deficiency for 1945. Interest was computed on the 1943 and 1944 deficiencies to November 17, 1947, in the amounts of $9,434.45 and $1,822.49, respectively. Interest on $22,932.03 of the deficiency for 1945 was computed to November 17, 1947, in the amount of $2,759.38. Interest on the balance of the 1945 excess profits tax deficiency was computed to October 29, 1950, 30 days from the signing of the waiver, which the defendant points out was a mistake. Interest on the balance of this deficiency should have been computed to January 17, 1951, 30 days after the "filing" date of the waiver.

Interest of $4,018 was allowed on the $16,136.20 income tax overpayment for 1943, thus making a total of $20,154.20, which was credited as follows: (1) $9,434.45 against the interest on the 1943 excess profits tax deficiency; (2) $1,822.-49 against the interest on the 1944 excess profits tax deficiency; and (3) $8,-897.26 against the interest on the 1945 excess profits tax deficiency. Part of the $4,018 interest on the 1943 income tax overpayment was computed to November 17, 1947, and the remainder to October 29, 1950.

Interest on the 1944, 1947, and 1948 income tax overpayments was computed to October 29, 1950, in the amounts of $606.07, $345.53, and $1,218.55, respectively. The overpayments and interest for 1944 and 1947 were credited to the balance of the excess profits tax deficiency and interest for 1945. The overpayment and interest for 1948 was credited to the income tax deficiency and interest for 1945.

The above deficiencies were assessed on June 26, 1951. The plaintiff claims that it is entitled to interest on the above overpayments to the date of assessment of the deficiencies against which they were credited, namely June 26, 1951. Interest to the date of assessment for the years 1943, 1944, 1947, and 1948 would be $2,629.67, $76.67, $102.74, and $664.65, respectively, more than that allowed by the Commissioner for these years.

Timely claim for refund was made, and rejected and suit was filed in this court within two years thereafter.

■ We, and all other courts that have considered the question, have held that interest accrues under section 3771(b) (1) of the Internal Revenue Code, 26 U.S. C.A., on the amount of the overpayment that is credited against deficiencies and interest thereon until the assessment date of the deficiencies against which it is credited. Virginia Electric and Power Co. v. United States, Ct.Cl., 126 F.Supp. 178; Ash Grove Lime & Portland Cement Company v. United States, Ct.Cl., 128 F.Supp. 387; Dewey Portland Cement Company v. United States, Ct.Cl., 128 F. Supp. 385; Riverside & Dan River Cotton Mills v. United States, 37 F.2d. 965, 69 Ct.Cl. 70, certiorari denied, 282 U.S. 838, 51 S.Ct. 21, 75 L.Ed. 745; Max Factor & Co. v. United States (S.D.Cal.), unofficially reported par. 72,323 P–H Fed.1951; Pan American World Airways, Inc. v. United States, D.C.S.D.N.Y., 119 F.Supp. 144; Waterman Steamship Corporation v. United States, D.C.S.D. Ala.1954, 127 F.Supp. 253.

The defendant contends that the portion of the income tax overpayment and interest allowed thereon for 1943, which was credited against the interest on the excess profits tax deficiencies for 1943, 1944, and 1945, presents a different situation because of the cash payment made by the plaintiff on the proposed excess profits tax deficiencies for those years. Interest on the deficiencies satisfied by

the $65,000 cash payment was computed to November 17, 1947, the date of the payment. Interest was also computed on the 1943 income tax overpayment until that date. The defendant contends that the $65,000 was full payment of the 1943 and 1944 excess profits tax deficiencies and a partial payment of the 1945 excess profits tax deficiency, citing Hanley v. United States, 63 F.Supp. 73, 105 Ct.Cl. 638 and Reading Company v. United States, 98 F.Supp. 598, 120 Ct.Cl. 223. The defendant then argues that since this was a payment of that tax it was the "due date," within the meaning of section 3771(b)(1), of the amount (interest) against which the credit was taken and that interest was properly computed to that date on the part of the overpayment used to offset the interest on the deficiencies.

Section 3771(b) (1) provides:

"*Period.* Such interest shall be allowed and paid as follows: (1) *Credits.* In the case of a credit, from the date of the overpayment to the due date of the amount against which the credit is taken, but if the amount against which the credit is taken is an additional assessment of a tax * * *, then to the date of the assessment of that amount."

 The pertinent part of section 292(a) of the Internal Revenue Code provides that:

"Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, * * *."

2. "Section 1116: The House bill reenacted without change the existing law relating to the payment of interest on refunds and credits. Under existing law, in the case of a credit taken against an additional assessment, the taxpayer is allowed interest from the date of his overpayment to the date of the additional assessment. In the case of taxes imposed by acts prior to the revenue act of 1921, the taxpayer pays no interest in the case of underpayment up to the date of as-

The date of the cash payment, November 17, 1947, was not the "due date" within the meaning of section 3771(b)(1) of the excess profits tax deficiencies or the interest thereon. The due dates were the dates that the taxes originally should have been paid, which were 1943, 1944, and 1945, respectively. For the failure of the plaintiff to pay its full taxes on the due dates, it has been required to pay interest until the date that it did pay them. The portion of section 3771(b) (1) which states that interest shall be allowed in the case of a credit "from the date of the overpayment to the due date of the amount against which the credit is taken," relates to overpayments for years prior to 1921, when no interest was allowed on deficiencies, and therefore has no application to this case. The taxpayer is entitled to interest on overpayments for 1921 and years subsequent thereto under the second part of that subsection from the date of overpayment to the date of the assessment of the deficiencies against which it is credited. See Riverside & Dan River Cotton Mills v. United States, 37 F.2d 965, 69 Ct.Cl. 70, 75–78, certiorari denied, 282 U.S. 838, 51 S.Ct. 21, 75 L.Ed. 745; see also S.Rep. No. 54, 69th Cong., 1st sess., p. 38,[2] which is cited and discussed in the Riverside case, supra.

 The only effect of the $65,000 cash payment on interest was to stop the accrual of interest on that amount of the deficiencies on the date of payment. The accrued interest on that amount of the deficiencies against which the Commissioner credited the overpayment and interest thereon was not assessed until June 26, 1951. During this interim

sessment. Consequently, it frequently happens that a taxpayer who owes the Government money, upon which he is paying no interest, is collecting interest upon money which the Government owes him. This situation is remedied by allowing interest in the case of a credit under an act prior to the revenue act of 1921 only to the date on which the original tax against which the credit is taken was due."

period the Commissioner had the use and benefit of the $65,000. The interest continued to accrue on the overpayment credited against the interest on the excess profits tax deficiencies until the assessment date of the deficiencies and interest thereon. The credit becomes effective on the date of assessment of the deficiency and interest thereon against which the credit is taken. It should be remembered that the Commissioner brings this on himself by failing to assess the deficiencies within the 30-day period of grace given him. If he had assessed the deficiencies within the 30 days, interest would have accrued on the corresponding amounts of the credit at the same rate and to the same date and the questions presented in these cases would not have arisen. To attempt to make a distinction in this case would, without any statutory basis, just unduly complicate a field that is already sufficiently complicated.

Interest on the balance of the 1945 excess profits tax deficiency should be computed to January 17, 1951.

For the purposes of this proceeding, the plaintiff has filed a waiver of its demand for interest on the amount of $3,473.73 up to the date of judgment.

Plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied.

Judgment is suspended pending the filing of a stipulation showing the amount due in accordance with this opinion.

It is so ordered.

MADDEN, WHITAKER, and LITTLETON, Judges, concur.

JONES, Chief Judge (dissenting).

For the reasons which I gave in dissenting from the opinion of the court in Virginia Electric and Power Company v. United States, Ct.Cl., 126 F.Supp. 178, I respectfully dissent from the court's conclusion that interest on the overpayments continues beyond 30 days after the filing of the waivers.