ASH GROVE LIME & PORTLAND CEMENT COMPANY, a Corporation

v.

The UNITED STATES.
No. 524–53.

United States Court of Claims.
June 7, 1955.

G. Lee Burns, Kansas City, Mo., for plaintiff. Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., were on the briefs.

Girard R. Jetton, Jr., Washington, D. C., with whom was Asst. Atty. Gen. H. Brian Holland, for defendant. Andrew D. Sharpe and Andrew F. Oehmann, Washington, D. C., were on the briefs.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

In this case the court, on February 8, 1955, rendered an opinion Ct.Cl., 128 F. Supp. 387, and entered judgment for additional interest in the amount of $3,-

191.76, with interest thereon, on plaintiff's motion for summary judgment, and denied defendant's motion for summary judgment. Plaintiff has withdrawn its claim for interest on the judgment. Defendant has filed a motion for reconsideration and modification of the opinion and judgment of February 8.

Upon further consideration the defendant's motion is allowed; the opinion and judgment of February 8, are withdrawn and vacated and this opinion and judgment in favor of plaintiff for $3,104.98 are this day entered.

The plaintiff corporation seeks to recover $3,104.98 interest. The facts necessary to the decision can be briefly stated. The plaintiff filed its tax returns on a calendar-year basis. On March 24, 1945, the plaintiff filed a claim for refund of excess profits tax for 1942, on the ground that there should be included in its unused excess profits credit adjustment for 1942 an unused excess profits credit for the year 1944. The Commissioner of Internal Revenue found an error in the plaintiff's original return for 1942 which resulted in an excess profits tax "tentative" deficiency of $4,042.60, and a corresponding "tentative" income tax overpayment of $2,850.02. By reason of the application of the unused excess profits credit carryback there was an overpayment of $542,422.60 in excess profits tax and a deficiency of $241,076.-70 in income tax. The Commissioner deducted the $2,850.02 "tentative" income tax overpayment from the $241,076.70 income tax deficiency and the $4,042.60 "tentative" excess profits tax deficiency from the $542,422.60 excess profits tax overpayment and determined deficiencies and overassessments for 1942 in the amounts of $238,226.68 and $538,380, respectively. For the year 1944 the Commissioner determined deficiencies in income and declared value excess profits taxes of $1,004.62 and $177.47, respectively, or a total of $1,182.09, and for 1945, $59.53 and $22.63, respectively, or a total of $82.16.

On August 7, 1945, the plaintiff, pursuant to section 272(d), Internal Revenue Code, 26 U.S.C.A., filed a Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment on a $238,226.68 income tax deficiency for 1942 and a $538,-380 excess profits tax overassessment for 1942 and the $1,182.09 deficiency for 1944. On September 13, 1946, the plaintiff filed such a waiver with respect to the $82.16 deficiency for 1945.

On November 23, 1945, the Commissioner assessed deficiencies for 1942 and 1944 in the amounts of $238,226.68, plus $6,581.72 interest thereon, and $1,182.-09, plus $34.02 interest thereon, respectively. On January 24, 1947, he assessed the deficiency of $82.16 for 1945, with $2.84 interest thereon, or a total of $85. On September 8, 1947, the Commissioner, after various adjustments, signed the overassessment schedule and issued a certificate of overassessment for the year 1942 in the amount of $538,-380.

The Commissioner, pursuant to section 3770(a) (4),[1] credited the necessary amount of the overpayments against the deficiencies and interest thereon to eliminate the latter two, and then refunded the $238,731.08 difference.

The parties are in agreement as to the dates interest began to run on the deficiencies and overassessments. The parties also agree that the filing of the section 272(d)[2] waiver stopped the ac-

---

[1]. Section 3770(a) (4) provides:

"*Credit of overpayment of one class of tax against another class of tax due.* Notwithstanding any provision of law to the contrary, the Commissioner may, in his discretion, in lieu of refunding an overpayment of tax imposed by any provision of this title, credit such overpayment against any tax due from the taxpayer under any other provision of this title."

[2]. Section 272(d) provides:

"(d) *Waiver of restrictions.* The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency."

crual of interest on September 7, 1945, 30 days after the filing of the waiver, pursuant to section 292(a),[3] on the $238,226.68 income tax deficiency for 1942. They also agree that the interest stopped accruing on the $82.16 deficiency for 1945, on October 13, 1946.

The Commissioner allowed interest on that part of the overpayment that was credited against the deficiencies to 30 days after the filing of the waiver, or September 7, 1945 as to the 1942 deficiencies, and October 13, 1946 as to the 1945 deficiencies. The plaintiff contends that interest should have been allowed to the date of the assessment of the deficiencies, November 23, 1945 as to the 1942 deficiencies and January 24, 1947 as to the 1945 deficiencies.

The only question presented is the dates the interest stopped accruing on that part of the overpayment which was credited against the deficiencies specifically covered by the waivers executed under section 272(d). This issue has already been decided in favor of the tax-payer. Interest runs on that part of the overpayment until the date of the assessment of the deficiencies against which it is credited. Section 3771(b)(1) of the 1939 Code as amended;[4] Virginia Electric and Power Co. v. United States, Ct.Cl., 126 F.Supp. 178; Dewey Portland Cement Co. v. United States, Ct.Cl., 128 F.Supp. 385; see also Riverside & Dan River Cotton Mills v. United States, 37 F.2d 965, 69 Ct.Cl. 70; Max Factor & Co. v. United States, D.C.S.D. Cal., (unofficially reported par. 72,323 P-H Fed.1951; CCH 51-1 USTC par. 9195, 43 AFTR 1188); Pan American World Airways, Inc., v. United States, D.C.S.D.N.Y., 119 F.Supp. 144.

The plaintiff's amended motion for summary judgment is granted and plaintiff is entitled to recover the stipulated amount of $3,104.98.

It is so ordered.

LARAMORE, MADDEN and WHITAKER, JJ., concur.

3. Section 292(a) provides:
"(a) *General rule.* Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax (or, if the tax is paid in installments, from the date prescribed for the payment of the first installment) to the date the deficiency is assessed, or, in the case of a waiver under section 272(d), to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier. If any portion of the deficiency assessed is not to be collected by reason of a prior satisfaction, in whole or in part, of the tax, proper adjustment shall be made with respect to the interest on such portion."

4. Section 3771 provides:
"(a) *Rate.* Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the rate of 6 per centum per annum.
"(b) *Period.* Such interest shall be allowed and paid as follows:

"(1) *Credits.* In the case of a credit, from the date of the overpayment to the due date of the amount against which the credit is taken, but if the amount against which the credit is taken is an additional assessment of a tax imposed by the Revenue Act of 1921, 42 Stat. 227, or any subsequent Revenue Act, then to the date of the assessment of that amount.
"(2) *Refunds.* In the case of a refund, from the date of the overpayment to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer. The acceptance of such check shall be without prejudice to any right of the taxpayer to claim any additional overpayment and interest thereon.
"(c) *Additional assessment defined.* As used in this section the term 'additional assessment' means a further assessment for a tax of the same character previously paid in part, and includes the assessment of a deficiency of any income or estate tax imposed by the Revenue Act of 1924, 43 Stat. 253, or by any subsequent Revenue Act."

JONES, Chief Judge (dissenting).

For the reasons which I gave in dissenting from the opinion of the court in Virginia Electric and Power Co. v. United States, Ct.Cl., 128 F.Supp. 385, I respectfully dissent.