### INDUSTRIAL DEVELOPMENT CORPORATION

v.

### The UNITED STATES of America.

No. 53 C 1804.

United States District Court.
N. D. Illinois.
Dec. 16, 1955.

Max Swiren, Joseph D. Block, Hubert H. Nexon, Swiren & Heineman, Chicago, Ill., for plaintiff.

Robert Tieken, U. S. Atty., Chicago, Ill., for U. S.

HOFFMAN, District Judge.

The plaintiff, an Illinois corporation, has sued under Section 1346 of the Judicial Code, 28 U.S.C. § 1346, to recover interest which it is claimed the government wrongfully withheld in the settlement of the plaintiff's tax liability for fiscal years ending in 1944 and 1945. Both the taxpayer and the United States have moved for summary judgment.

The facts are not disputed. On March 21, 1950, the Commissioner of Internal Revenue mailed a notice of deficiency to the plaintiff, proposing deficiencies in income tax, excess profits tax, and declared value excess profits tax for the

taxpayer's fiscal years ended October 31, 1944, and October 31, 1945, in the total amount, after the deduction of proposed income tax over assessments for the fiscal year ended October 31, 1945, of $113,259.22. On May 8, 1950, the plaintiff filed its petition in the United States Tax Court for a redetermination of these proposed deficiencies, and thereafter, on May 15, 1950, paid to the Collector of Internal Revenue for the First Illinois District the sum of $113,000 to stop the running of interest upon its tentative liability. The payment was made by a check, presented and paid through ordinary channels, which bore the following notation:

> "This payment of proposed tax deficiencies for the fiscal years ended October 31, 1944 and 1945 is made solely for the purpose of stopping the running of interest against the taxpayer and does not constitute a waiver by taxpayer of its rights to contest such deficiencies and to obtain the refund of overpayments for said fiscal years, including this payment, in pending Tax Court proceedings, Docket No. 28122, or in any other manner."

The petition before the Tax Court was amended to reflect this payment, and the case proceeded to hearing. On May 13, 1952, the Court entered its Findings of Fact and Opinion, and in accordance with these findings and under the provisions of Rule 50 of the Tax Court Rules, 26 U.S.C.A. following section 7453, the parties computed the respective amounts of deficiency and overpayment. On August 13, 1952, the Tax Court entered its final decision, reducing the proposed deficiencies for the years involved from $113,259.22 to $48,343.50, and determining that the difference between this amount and the payment of $113,000 made on May 15, 1950, constituted overpayments of tax for the fiscal years involved. The total of these overpayments, as declared by the Tax Court, was $64,656.50. The government did not appeal from this adjudication.

Pursuant to the decision of the Tax Court, the Commissioner subsequently assessed the deficiency so determined of $48,343.50, with interest upon this amount, from the due date of the tax to the date of the $113,000 payment on account, in the sum of $14,224.84. In computing interest upon the overpayment, the defendant deducted the deficiency with interest from the $113,000 previously paid, and allowed interest upon the remainder of $50,431.66 from the time of payment until a date within thirty days prior to the issuance of the refund check. As a result of this computation, the plaintiff was paid interest in the total amount of $9,193.76 upon its overpayment.

It is the taxpayer's position that the defendant erred in computing the interest on the overpayment by this method, and that the error deprived it of interest in the amount of $2,560.47. The difference results from the government's reduction of the overpayment for interest purposes from the total of $64,656.50, as determined by the Tax Court, to $50,431.66 by deducting the $14,224.84 of interest on the deficiency which had accrued before the payment of the $113,000 on May 15, 1950. This alleged defect in the Commissioner's calculations denied the taxpayer interest on an amount of its overpayment equal to the amount of deficiency interest finally found to be due.

The question so presented is whether the government may properly treat the payment on account made pending the Tax Court proceedings as having been applied at the time it was made to the then accrued interest on the deficiency as finally determined. In the usual circumstance, the debtor is of course entitled to offer a sum to be applied as he directs, and the creditor, if he accepts the offered payment, is bound by the direction as to its application. Here the taxpayer's intention was to prevent the accrual of further interest upon its putative liability. Since under the Internal Revenue Code of 1939, which controls here, interest upon a deficiency

does not draw interest until after its assessment, it is reasonable to assume that the taxpayer intended its payment of $113,000 to be applied to the principal liability, and not to accrued interest. Some notice of this intention was provided by the notation on the check delivered in payment, which clearly stated that the purpose of the payment was to stop the running of interest. In addition, the notation describes the payment as a payment of "proposed tax deficiencies", and it is a matter of some significance that these proposed deficiencies as contained in the 90-day letter of March 21, 1950, included only the principal amounts of tax liability asserted, and made no mention of interest. Whether the intention thus revealed that the taxpayer's payment should be applied only to principal would suffice to preclude its application to accrued interest need not be decided, however, in view of the disposition of the other grounds upon which the plaintiff relies.

The Tax Court, in its decision of August 13, 1952, determined that the plaintiff had overpaid its taxes on May 15, 1950, in the amount of $64,656.50. The taxpayer was thereupon entitled, by virtue of Section 3771(a, b), of the Internal Revenue Code of 1939, to interest upon this amount as follows:

"§ 3771(a)  *  *  *

"(1) Credits. In the case of a credit, from the date of the overpayment to the due date of the amount against which the credit is taken, but *if the amount against which the credit is taken is an additional assessment of a tax imposed by the Revenue Act of 1921, 42 Stat. 227, or any subsequent Revenue Act, then to the date of the assessment of that amount.* (Italics supplied.)

"(2) Refunds. In the case of a refund, from the date of the overpayment to a date preceding the date of the refund check by not more than thirty days,  *  *  *."

Under the provisions of this section, and by virtue of the italicized portion, the taxpayer was entitled to interest upon so much of the overpayment as was credited against the deficiency interest from the date of the overpayment until the date of the assessment of that amount. There is no warrant in the statutory scheme for retroactively regarding the overpayment as having been applied at some date preceding the assessment to the payment of accrued interest. Interest upon the overpayment continues to accrue, regardless of the existence of an offsetting amount of deficiency interest, until the date upon which the deficiency interest is assessed. It follows that the defendant's computation was in error.

An opposite result would be reached only if an overpayment could be set off, when made, against interest, accrued but not assessed, upon an outstanding tax liability. Such a scheme would have the effect of allowing interest upon interest. Although there may be much to be said for the justice of compounding interest, it is a system which the tax laws have not accepted. Under the Internal Revenue Code of 1939, § 292, interest accrues upon interest only after it has been assessed and a notice and demand for its payment has been issued. Until that time, the government is not entitled to claim interest upon accrued interest, either directly, or indirectly through a reduction of interest upon an offsetting overpayment.

To accept the government's position would create confusion and anomalies in the statutory plan governing the awarding of interest. For example, if the taxpayer had chosen to wait until the final assessment of the deficiency and interest before making any payment, the government would have been entitled only to simple interest upon the deficiency, and the taxpayer would have enjoyed the use of the amount representing the accrued interest without incurring any additional liability. The government's argument, if accepted, would penalize an advance payment, such as this taxpayer made, by depriving the taxpayer of an

amount equal to interest upon the interest which had accrued at the time the payment was made. Similarly, if the $113,000 had been an overpayment of some other tax liability, rather than a voluntary payment against the proposed deficiency, the plaintiff would have received interest upon the full overpayment until the time of assessment of the deficiency with interest, without reduction for interest upon the deficiency interest accrued but not assessed. Perhaps it would be desirable to adopt a scheme under which all accrued liabilities would be set off against overpayments at the earliest possible date, for purposes of the computation of interest. But it is well settled that no such system can be read into the tax laws. Thus it has been held repeatedly that an overpayment continues to draw interest even though it is offset by an unassessed deficiency upon which interest has ceased to accrue upon the filing of waivers of restrictions against assessment and collection of the deficiency. See, for example, Virginia Electric & Power Co. v. United States, 1954, 126 F.Supp. 178, 130 Ct.Cl. 189; Pan American World Airways, Inc. v. United States, D.C.S.D. N.Y.1953, 119 F.Supp. 144. The Internal Revenue Service has acquiesced in this result by its Revenue Ruling 55–485, I.R.B. 1955–32. The principle that interest upon offsetting overpayments and deficiencies must be separately computed without regard to mutual cancellation of claims has similarly been followed when its effect aids the government. Thus in Babcock & Wilcox Co. v. Pedrick, 2 Cir., 1954, 212 F.2d 645, certiorari denied, 1955, 348 U.S. 936, 75 S.Ct. 355, 99 L.Ed. 733, it was held that the government was entitled to interest upon a deficiency although it had in its hands at all times an equal amount of overpayment due the taxpayer.

Since the case presents no genuine issues of material fact and the plaintiff is entitled to judgment in its favor as a matter of law, the plaintiff's motion for summary judgment is granted, and judgment for the relief requested in the complaint will be entered.

The plaintiff is directed to present a judgment order for the signature of the court on or before December 23, 1955.