**HENRY RIVER MILLS CO. v. UNITED STATES.**

No. 49529.

United States Court of Claims.

April 3, 1951.

John C. Reid, Washington, D. C., for plaintiff. Ivins, Phillips & Barker, Washington, D. C., were on the brief.

H. S. Fessenden, Washington, D. C., with whom was Asst. Atty. Gen. Theron Lamar Caudle, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

This is a suit to recover interest on an alleged deficiency in excess profits tax for the fiscal year 1942. Plaintiff contends that no deficiency ever existed and that such interest was illegally collected. Defendant claims that there was an underpayment but for the relief provisions of section 722 of the Internal Revenue Code and that, therefore, the interest was properly collected for the period prior to the granting of the relief.

The facts are stipulated and are not in dispute. They are set out in an agreed statement signed by representatives of both parties. The facts so stipulated are hereby approved and are adopted as the findings of fact by the court.

These facts may be summarized as follows:

The plaintiff keeps its records and files its income tax returns on the accrual basis, its fiscal year ending March 31.

For the fiscal year ending March 31, 1942, plaintiff filed income and excess profits tax returns. These returns indicated a taxable net income of $107,248.17 and an excess profits tax liability of $30,577.56. The plaintiff paid the excess profits tax to the collector at Greensboro, North Carolina, on the date of filing the report, June 15, 1942.

It was mutually agreed that the amount of income, excess profits or war profits taxes for the fiscal year ending March 31, 1942, could be assessed at any time on or before June 30, 1949.

Some time later the plaintiff filed an application for relief under section 722 of the Internal Revenue Code, 26 U.S.C.A. § 722,[1] asking for a refund of such excess profits tax for the fiscal year ending March 31, 1942, and thereafter filed an amended application reducing the amount of the claim to $18,422.54.

In the early part of 1948 plaintiff received a copy of a report made by a revenue agent for the fiscal years 1941 to 1946, inclusive, in which he recommended, *inter alia,* a deficiency in excess profits tax for

1. This section was added by section 201, Second Revenue Act of 1940, 54 Stat. 986, and amended by section 222(a), Revenue Act of 1942, 56 Stat. 914.

the fiscal year ending March 31, 1942, in the amount of $6,026.70, based primarily on the agent's conclusion that excessive officers' salaries had been deducted and that the taxpayer's net income should have been $121,776.58 instead of $107,248.17. The taxpayer filed a protest to this report, and following this protest the Commissioner and the taxpayer reached an agreement that the taxable net income for the fiscal year ended March 31, 1942, was $112,846.58.

In August 1948 the Internal Revenue Agent at Greensboro sent the plaintiff a recomputation of the 1942 taxes reflecting the agreement reached as to the amount of the income and the amount of relief under section 722. This showed a partial allowance of plaintiff's claim for refund under section 722. This latter was based on an increase in the excess profits tax credit from $26,218.76 to $33,115.19. This computation showed an overassessment of excess profits tax for the year 1942 in the amount of $829.98.

The Commissioner of Internal Revenue on November 23, 1948, notified the taxpayer by registered mail of his determination of its tax liability for the fiscal years 1941 through 1946. The notice stated that the determination of taxpayer's excess profits tax for the fiscal year ending March 31, 1942, disclosed an overassessment in the amount of $829.98. The Commissioner of Internal Revenue on June 6, 1949, assessed against taxpayer the amount of $861.13 on the ground that an additional excess profits tax for the fiscal year 1942 resulted from the understatement of the taxable income in the taxpayer's return and that while this deficiency was subsequently eliminated by the allowance of the relief provisions under section 722 of the Internal Revenue Code, 26 U.S.C.A. § 722, until such relief provisions were invoked the interest should be charged against the apparent understatement or against the sum which would have been due but for such relief provisions.

The plaintiff claims that no deficiency in excess profits tax was ever determined or assessed for the fiscal year 1942 and that an overassessment in excess profits tax was finally determined for that year and that

until such final determination there had never been any actual assessment.

We agree with the plaintiff. It filed a return with the local collector for the fiscal year 1942, paid the excess profits tax liability which the return showed and then claimed refund of the excess profits tax on the ground that its excess profits credit should be increased under the provisions of section 722. While this claim was pending the Commissioner took the position that the taxpayer owed additional excess profits taxes on the ground that it had deducted excessive officers' salaries and had understated its net income. Following negotiations an agreement was reached which resulted in a final determination that an overassessment in excess profits tax existed for 1942.

Under section 292(a) of the Internal Revenue Code, 26 U.S.C.A. § 292(a), interest is payable only upon the amount determined and assessed as a deficiency at the time the assessment is made. By the terms of section 272 when the Commissioner determines a deficiency he is authorized to send a notice of such deficiency by registered mail, after which the taxpayer may within 90 days file a petition with the Tax Court asking a redetermination of such deficiency. Until this notice has been given and this period has elapsed there is no final determination and assessment of a deficiency tax. There are some exceptions to this rule which are set out in subdivisions of section 272, but none of them applies to the instant case.

It is perfectly apparent that no deficiency in 1942 excess profits tax was ever determined or assessed, and that when the final determination was made it was that there was an overassessment. The defendant, therefore, was not justified in charging interest on what might have been a deficiency but for the provisions of section 722 which were an integral part of the Internal Revenue Code.

As a matter of fact, the final tax statement of the Commissioner of Internal Revenue to the plaintiff company showed an overassessment of $829.98 for the fiscal year 1942 and on the same sheet showed that it was not refunded but credited to an

underassessment for the same year. Thus the bill from the Collector demanding payment of interest on plaintiff's excess profits tax showed an overassessment of 1942 excess profits tax and indicated that such overassessment had been credited against the interest on excess profits tax for the same year. That may seem stranger than fiction but it is true. The bill is shown on page 16 of the record.

The plaintiff is entitled to recover the sum of $861.13, together with interest as provided by law.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.