**PREMIUM OIL REFINING CO. OF TEXAS v. UNITED STATES.**

**Civ. No. 4781.**

United States District Court
N. D. Texas, Dallas Division.

Oct. 17, 1952.

Harold B. Pressley, Jr., and Locke, Locke & Purnell, all of Dallas, for plaintiff.

William B. Waldo, Asst. Atty. Gen., Washington, D. C., and Tom Shaw, Asst. U. S. Atty., Dallas, Tex., for defendant.

ATWELL, Chief Judge.

On August 8th of the present year, the plaintiff filed this suit seeking to recover $56,855.41, plus interest, claiming that the same had been erroneously and illegally assessed and collected by the defendant from the plaintiff.

A recital of the dealing of the plaintiff and the sovereignty over a period of some ten years, I find from the evidence, discloses a series of errors and rectifications that are almost inexcusable on the part of both the taxpayer and the government. Recourse was even had to 26 U.S.C.A. § 722 for relief and such relief was granted.

Finally, and ultimately, the charging and crediting back and forth, resulted in an alleged deficiency, according to the defendants.

Under § 292(a) of the Code, interest on deficiency may be charged after

838

deficiency is definitely found and determined, and an assessment is made thereon. Those three steps were never taken by the government in this matter.

The case of Manning v. Seeley Tube & Box Co., 338 U.S. 561, 70 S.Ct. 386, 94 L.Ed. 346, is cited by the defendant as a controlling authority in this case. That case is in no sense in point in this case. It announces the equity rule with reference to interest when a deficiency is assessed and determines the amount of interest due under the Code to being six percent. See § 3794. But it does not reason the premises and facts which are exhibited in the case at bar.

The case of Henry River Mills Co. v. United States, 96 F.Supp. 477, 119 Ct.Cl. 350, is almost directly in point and sustains the three requisites before interest can be charged, which I have just mentioned.

 I believe interest was improvidently collected in this case and that plaintiff should recover, and that judgment should, therefore, go for it in the sum of $56,855.41 plus six percent interest from August 8, 1952.