**RODGERS v. UNITED STATES.**

No. 50311.

United States Court of Claims.

Dec. 2, 1952.

W. Gardner Boone, Memphis, Tenn., for plaintiff. Canale, Glanker, Little, Boone & Loch, Memphis, Tenn., were on the briefs.

Elizabeth B. Davis and John E. Garvey, Washington, D. C., with whom was Asst. Atty. Gen. Charles S. Lyon, for defendant. Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

Plaintiff's petition sets forth a claim for refund of an amount allegedly wrongfully collected from plaintiff by the Commissioner of Internal Revenue as interest upon a deficiency in plaintiff's income tax for the year 1944.

Subsequent to defendant's answer plaintiff filed a motion for judgment on the pleadings. Defendant thereafter amended its answer and filed a motion for summary judgment, together with affidavits in support of the motion. The material facts are not in dispute and plaintiff's and defendant's motions both present the same questions of law.

Plaintiff's income tax returns are filed on a calendar year basis. His income tax returns for the years 1944 and 1945 were duly filed, and the income tax shown thereon was paid. Subsequently, on March 15, 1947, plaintiff filed his income tax return for the year 1946, showing a net operating loss for that year in the amount of $44,794.60, with no tax due. On September 4, 1947, plaintiff filed an amended return for the year 1946, reporting a net operating loss of $47,-346.30, and no tax due. This amended return was accompanied by a claim for refund of $23,365.02 income tax paid by him for the year 1944, by reason of the carry-back of the net operating loss sustained in 1946.

Plaintiff's returns for the years 1944, 1945, and 1946 were audited by an agent of the Internal Revenue Bureau, whose report disclosed certain adjustments by way of increase in plaintiff's net income for 1944 in the amount of $33,891.51,[1] resulting in a 1944 tax deficiency of $24,220.77, exclusive of the net operating loss carry-back.

The report showed, however, that plaintiff had a net operating loss in 1946 of $42,063.24, which when allowed as a carry-back to 1944 operated to offset the $33,-891.51 increase in 1944 net income found by the agent, and resulted in a net overassessment of $7,580.09 for the year 1944. The agent's report also disclosed an income tax deficiency of $8,458.41 for the year 1945. A

---

1. These adjustments apparently resulted, at least in part, from the disallowance of certained deductions in net income claimed by plaintiff in his 1944 return.

copy of this report, minus enclosures, was furnished to plaintiff.

Plaintiff thereafter, on August 31, 1949, pursuant to section 272(d) of the Internal Revenue Code, 26 U.S.C.A. § 272(d), filed a waiver of the restrictions provided in section 272(a) of the Code, thereby consenting to the assessment and collection of the $8,458.41 deficiency for 1945, and accepting the over-assessment of $7,580.09 for 1944—both of which figures were based on the agent's report.

On November 25, 1949, the Commissioner of Internal Revenue, having adopted as his own determination the report of the revenue agent, notified plaintiff of assessment for the year 1945 of $8,458.41, plus interest thereon of $1,797.12, totalling $10,255.53, less the overassessment for 1944 in the amount of $7,580.09, leaving a balance due of $2,675.44 (not here in dispute). Apparently by separate notice, the Commissioner on the same day also notified plaintiff of assessment of $2,906.49, representing interest on $24,220.77, the amount of the deficiency in plaintiff's 1944 tax as shown by the agent's audit, prior to application of the carry-back. This interest was computed for the period from March 15, 1945, when plaintiff's tax for the year 1944 became due, to March 15, 1947, when plaintiff became entitled to the carry-back from the year 1946, thereby extinguishing the 1944 deficiency.

Plaintiff thereafter by installments made payment of the balances shown on the two notices of November 25, 1949, plus an additional sum of $162.49 as interest on the balance remaining unpaid up to the date of the last installment.

Plaintiff here seeks refund of the $2,906.49 assessed as interest on the $24,220.77 deficiency for 1944, plus $162.49 assessed as interest on the $2,906.49.

There can be no question but that plaintiff's 1944 tax return understated his then existing tax liability by $24,220.77. This figure was the basis from which the net overassessment was computed after allowance of the carry-back. Plaintiff not only accepted the net overassessment but on oral argument upon the motions presently under consideration conceded the accuracy of the computation of his 1944 deficiency prior to the carry-back.

Plaintiff contends, however, that under the provisions of section 292(a) of the Internal Revenue Code, 26 U.S.C.A. § 292(a), interest is payable only upon an amount actually determined and assessed as a deficiency. Plaintiff asserts further that before he could be assessed interest on the 1944 deficiency, the Commissioner was required under section 272(a) to give notice of determination of the 1944 deficiency, and of assessment thereof not less than ninety days after notice of the determination of deficiency, and that no such determination and assessment was ever made. Therefore plaintiff concludes that he was not liable to assessment of interest on the 1944 deficiency.

Thus we are presented with the questions, first, as to whether there was a failure to follow any procedural step required by section 272(a) as far as determination and assessment of the deficiency was concerned, and second, if so, whether such failure precluded the assessment of interest on that deficiency.

We hold that there was no such failure, and that regardless of the requirements of section 272(a) with respect to determination and assessment of a deficiency, the Government was not precluded in the circumstances disclosed here from assessing interest on the deficiency in plaintiff's 1944 taxes which subsisted from the time such taxes became due until the deficiency was extinguished by the carry-back on March 15, 1947.

Sections 272 and 292 are in pertinent part as follows:

"§ 272. Procedure in general—[(a) (1) Petition to The Tax Court of the United States.]

"If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with The Tax

Court of the United States for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * *

* * * * * *

"(d) Waiver of restrictions.

"The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency.

* * * * * *

"§ 292. Interest on deficiencies—(a) General rule.

"Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax * * * to the date the deficiency is assessed, or, in the case of a waiver under section 272(d), to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier. If any portion of the deficiency assessed is not to be collected by reason of a prior satisfaction, in whole or in part, of the tax, proper adjustment shall be made with respect to the interest on such portion."

It should be noted immediately that upon the final audit of plaintiff's 1944 taxes there was no longer a net deficiency but a net overassessment, by reason of the carry-back provisions. Section 272(a) did not specifically require a separate formal notice of determination and assessment of an extinguished deficiency after application of the carry-back. To the extent that a determination of the deficiency existing prior to the carry-back was required, it was directly reflected in the statement of overassessment of $7,580.09. That figure was necessarily based upon the 1944 deficiency of $24,220.77. In the light of plaintiff's waiver of the restrictions provided in section 272(a), and his acceptance of the net overassessment, it is difficult to understand how, in such circumstances, section 272(a) could be construed to require anything further, or how there could have been any wrongful failure of compliance with the statutory procedure set out in section 272.

Nor can we construe section 292(a), setting forth the general rule with respect to the assessment of interest, to require with respect to determination and assessment of a deficiency any steps in addition to those set forth in section 272, as a prerequisite to assessment of interest on that deficiency. Where there is no necessity for a separate assessment of an admitted deficiency, by reason of its extinguishment by a subsequent carry-back and acceptance of the resulting net overassessment, we do not believe section 292(a) requires such an assessment of the deficiency as a condition of accrual of liability for interest. We conclude that the assessment of interest on November 25, 1949, in the amount of $2,906.49, was a valid assessment under section 292(a), and plaintiff was legally liable for the payment thereof.

Plaintiff having failed to make prompt payment in full of his 1944 tax liability, the Government was deprived of the use of money legally owing to it. The result contended for by plaintiff would in effect discriminate against those taxpayers who had made full and prompt payment, and who subsequently became entitled to a refund under the carry-back provisions. Those taxpayers, of course, were not entitled to recover interest on the refund "for any period before the filing of a claim for credit or refund * * * or the filing of a petition with the Tax Court, whichever is earlier". 26 U.S.C.A. § 3771(e). It is clear that Congress by the enactment of the carry-back provisions did not intend to place a premium on tardy payment of taxes.

Our holding that plaintiff is not entitled to recover is in accord with the decisions

730

in DeSoto Hardwood Flooring Co. v. United States, D.C.W.D.Tenn.1950;* and Cumberland Portland Cement Co. v. United States, D.C.M.D.Tenn.1952, 101 F.Supp. 577.

 In Manning v. Seeley Tube & Box Co., 338 U.S. 561, 70 S.Ct. 386, 94 L.Ed. 346, a deficiency had been assessed against the taxpayer under 26 U.S.C.A. § 274(a) relating to bankruptcy, prior to the close of the year of the carry-back.[2] The Supreme Court refrained from consideration of the situation wherein a net operating loss is claimed prior to an attempted assessment of a deficiency,[3] but declared in denying the taxpayer recovery of interest on the deficiency:

> "We hold that the interest was properly withheld by the Collector. *The subsequent cancellation of the duty to pay this assessed deficiency does not cancel in like manner the duty to pay the interest on that deficiency.* From the date the original return was to be filed until the date the deficiency was actually assessed, the taxpayer had a positive obligation to the United States: a duty to pay its tax [citing cases]. For that period the taxpayer, by its failure to pay the taxes owed, had the use of funds which rightfully should have been in the possession of the United States. The fact that the statute permits the taxpayer subsequently to avoid the payment of that debt in no way indicates that the taxpayer is to derive the benefits of the funds for the intervening period. * *

> "It is apparent from an inspection of the Code that Congress intended the United States to have the use of the money lawfully due when it became due. * * *

> "The enactment of the carry-back provision in 1942 did not change this policy of the statute requiring prompt payment. * * *

> * * * * * *

> "To sustain respondent's contention would be to place a premium on failure to conform diligently with the law. * * *" Id., 338 U.S. at pages 565–568, 70 S.Ct. at pages 389–390. Italics added.

We believe the principles enunciated in the Seeley case are equally governing here.

Plaintiff has relied upon the decision of this court in Henry River Mills Co. v. United States, 96 F.Supp. 477, 119 Ct.Cl. 350. In that case, however, the relief provisions, section 722 of the Code, 26 U.S.C.A. § 722, concerning abnormalities in income under the excess profits tax, were not carry-back in nature, in that the circumstances entitling the taxpayer to relief under section 722 had already occurred and were available as grounds for relief during the tax year in question, to wit, fiscal 1942. The relief provisions of section 722 were in effect at the time, and in the light of such relief provisions there was an overassessment and overpayment for the fiscal year 1942. We held that the defendant was not justified in exacting interest on a deficiency that never in fact existed. That case is not controlling here, where there was an admitted deficiency existing for two years prior to the incurrence of the net operating loss giving rise to the carry-back.

Plaintiff's motion for judgment on the pleadings is denied. Defendant's motion for summary judgment is granted and plaintiff's petition is dismissed.

It is so ordered.

HOWELL, MADDEN, WHITAKER and LITTLETON, Judges, concur.

---

\* No opinion for publication.

2. There were also certain additional deficiencies, upon which the interest was relatively insignificant, which were assessed subsequent to the filing of the return for the year of the carry-back. The Court, however, while noting these assessments, did not consider them further. See 338 U.S. 561, 563, note 3, 70 S.Ct. 386, 94 L.Ed. 346.

3. Nor strictly speaking is such situation presented here, since, inasmuch as there was a net overassessment, there was no assessment of deficiency attempted, and no necessity therefor.