**HASTINGS & CO., Inc.**

**v.**

**Francis R. SMITH, Individually and as Collector of Internal Revenue for the First Collection District of Pennsylvania, Appellant.**

**UNITED STATES of America, Appellant,**

**v.**

**HASTINGS & CO., Inc.**

**Nos. 11471, 11472.**

United States Court of Appeals Third Circuit.

Argued March 10, 1955.

Decided July 12, 1955.

Hilbert P. Zarky, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Harry Baum, Sp. Assts. to Atty. Gen., W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for appellants.

Leon I. Mesirov, Philadelphia, Pa. (Mesirov & Leonards, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

The Commissioner of Internal Revenue assessed interest on certain alleged tax deficiencies for the years 1948 and 1949 against Hastings & Co., Inc. (taxpayer). The Commissioner notified the taxpayer of the assessment, whereupon the taxpayer brought suit in the district court for the Eastern District of Pennsylvania, asking that the Collector for the First Collection District of Pennsylvania be enjoined from collecting the assessed interest. The government, in turn, brought suit in the same court for collection.

The cases were consolidated for trial. Two orders were entered by the district court. One granted taxpayer's motion for summary judgment and granted the prayer for injunctive relief. The other dismissed the government's action to collect and granted judgment for the taxpayer. These appeals followed.

The following facts are not disputed. In the years 1948 and 1949,[1] the taxpayer filed tax returns which showed approximately $372 due for 1948 and $13,000 due for 1949. The 1948 tax as shown was paid, as was part of the 1949 tax. The taxpayer did not pay the balance of the 1949 tax shown on its return because it had filed an application for extension of time in order to stay payment

1. Taxpayer's fiscal year ended on March 31, in the years in question, 1948, 1949, and 1950.

since a net operating loss in 1950 was anticipated which would, under carry-back provisions of the Internal Revenue Code, 26 U.S.C. § 122, reduce or eliminate its tax liability for 1948 and 1949.

After the close of its 1950 fiscal year, the taxpayer filed timely application for benefits under the carry-back provisions of the Code, due to the 1950 net operating loss and claimed refunds for the 1948 tax and that portion of the 1949 tax which it had paid. The claims were granted and in due course paid.

The Commissioner then caused an audit of taxpayer's returns for 1948, 1949, and 1950 to be made. The audit (according to the agent's report) showed that the taxpayer's 1948 and 1949 taxable income was substantially greater than had been shown by taxpayer's figures in the original 1948 and 1949 returns. The audit also showed a greater net operating loss for 1950 than had been originally claimed by the taxpayer.

Because of the increased taxable income for 1948 and 1949, the net operating loss of 1950 (even though increased, according to the agent's report) was not sufficient to completely offset the taxable income for both 1948 and 1949, as was the case according to the original returns filed by the taxpayer for the three years. The 1948 taxable income was completely offset, but the 1949 taxable income was only partially offset.

The agent's figures for 1948 and 1950 were submitted to taxpayer and approved through its President in an agreement dated May 7, 1951.[2]

Since the agent's report showed taxable income in 1949 upon which a tax was due, the taxpayer executed a "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax" for the year 1949. The waiver extended to the 1949 tax due and proper interest thereon.

On or about June 26, 1951, the Commissioner adopted the agent's report as his own determination, and on August 3, 1951, assessed against the taxpayer the deficiency in income tax for the year 1949 with interest to which the taxpayer had agreed. This tax and interest was paid and is not in issue.

The Commissioner also assessed against taxpayer interest on the deficiencies in taxes for 1948 and 1949, which deficiencies had already been "paid" by the taxpayer, in that they had been wiped out by the carry-back loss from 1950. It is the assessment of this interest which is in dispute.

We are first presented with the question of whether the interest was owing to the government. In Manning v. Seeley Tube and Box Co., 1950, 338 U. S. 561, 70 S.Ct. 386, 94 L.Ed. 346, the Supreme Court decided that interest on a validly assessed deficiency is not abated when the deficiency itself is abated by the carry-back of a net operating loss. The government claims that the Manning decision governs this case, but taxpayer contends that there is a significant difference between the facts in Manning and this case. In the Manning case, the deficiency was assessed prior to the application for carry-back of a net operating loss, whereas in this case the application for carry-back was made prior to the determination of deficiency.

Taxpayer contends that the Manning opinion expressly reserved decision on whether interest would be owing when the loss is claimed prior to the attempted assessment of a deficiency. But there is no indication in the opinion that the Supreme Court would have reached a different result had the facts been as here. Application of the principles an-

2. The agreement read:
   "The undersigned taxpayer has examined the report of the Internal Revenue Agent in Charge, Philadelphia, Pennsylvania, covering the examination of income tax returns for the years ended 4/30/48 and 4/31/50*, and agrees to the findings of the Examining Officer. It will not therefore be necessary to withhold action on same pending expiration of period of notice to taxpayer as no protest to the findings will be made. * Both parties agree above dates should be 3/31/48 and 3/31/50."

nounced in the Manning case to our case compels the conclusion that the taxpayer owed interest to the government. "We hold that the interest was properly withheld by the Collector. The subsequent cancellation of the duty to pay this assessed deficiency does not cancel in like manner the duty to pay the interest on that deficiency. From the date the original return was to be filed until the date the deficiency was actually assessed, the taxpayer had a positive obligation to the United States: a duty to pay its tax. See Rodgers v. United States, 1947, 332 U.S. 371, 374, 68 S.Ct. 57, 92 L.Ed. 3; United States v. Childs, 1924, 266 U.S. 304, 309–310, 45 S.Ct. 110, 111, 69 L.Ed. 299; Billings v. United States, 1914, 232 U.S. 261, 285–287, 34 S.Ct. 421, 425–426, 58 L.Ed. 596. For that period the taxpayer, by its failure to pay the taxes owed, had the use of funds which rightfully should have been in the possession of the United States. The fact that the statute permits the taxpayer subsequently to avoid the payment of that debt in no way indicates that the taxpayer is to derive the benefits of the funds for the intervening period. In the absence of a clear legislative expression to the contrary, the question of who properly should possess the right of use of the money owed the Government for the period it is owed must be answered in favor of the Government." Manning v. Seeley Tube & Box Co., 1950, 338 U.S. 561, 565–566, 70 S.Ct. 386, 389.

We see no reason why a taxpayer who claims a carry-back before the government discovers his prior deficiencies should have any advantage over one who does not claim a carry-back until after the deficiency is determined. See Rodgers v. United States, 1952, 108 F.Supp. 727, 123 Ct.Cl. 779.

But even if the taxpayer owed the interest, there remains the question of whether it is collectible under the circumstances presented.

Section 272(a) of the Internal Revenue Code provides:

"§ 272. Procedure in general

"(a) (1) Petition to Tax Court of the United States. If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 3653(a) the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court. * * *" 26 U.S.C. § 272(a) (1),

and Section 292(a) provides:

"§ 292. Interest on deficiencies

"(a) General rule. Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax * * * to the date the deficiency is assessed, or, in the case of a waiver under section 272(d), to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier. If any portion of the deficiency assessed is not to be collected by reason of a prior satisfaction, in whole

or in part, of the tax, proper adjustment shall be made with respect to the interest on such portion." 26 U. S.C. § 292(a).

The taxpayer contends that here there was never any determination of a deficiency and, even if there was, no ninety-day letter as provided in Section 272(a) was ever sent, and that the Commissioner's failure in those two respects precludes him from assessing and collecting interest.

The argument that no determination of a deficiency was ever made by the Commissioner is without merit. The Commissioner adopted the agent's report, which clearly showed a greater tax liability for 1948 and 1949 than had been originally reported by the taxpayer. If anything, only elementary mathematics was necessary in arriving at the amounts of the deficiencies. The taxpayer attempts to draw some distinction between computation of a deficiency and determination of a deficiency. The effect of such a distinction, if there is one, eludes us. There can be no doubt that deficiencies were determined and that taxpayer was so notified when he was notified that interest on the deficiencies had been assessed. Once the deficiency was determined, there was no need to comply with the notice provisions of Section 272(a). That section clearly imposes the notice limitations only if the Commissioner is attempting to collect and assess a deficiency. Here the Commissioner was not attempting to assess or collect any deficiency. The taxpayer had already consented to the increased tax liability for 1948 and 1949. This is evidenced by both the May 7, 1951, agreement which it signed and the waiver signed for 1949. The 1949 tax result to which the taxpayer agreed necessarily depended upon the 1948 and 1949 taxable income. So far as the Commissioner was concerned, the deficiency was cleared up—but interest was still owing. Section 292(a) says that interest shall be assessed at the same time as the deficiency. But where, as here, there is absolutely no reason to assess the deficiencies, we think that the notice provisions of Section 272(a) are not applicable, and interest can be assessed and collected independently. See Rodgers v. United States, 1952, 108 F.Supp. 727, 123 Ct.Cl. 779; United States v. Koppers Co., 1955, 348 U.S. 254, 270–271, 75 S. Ct. 268. All parties seem to agree that Rodgers v. United States, supra, is in all essential respects identical with the present case, except that there the taxpayer paid the interest and was suing for a refund. We think that the reasoning and discussion enunciated in Rodgers are applicable here, even though collection, rather than refund, is sought.

In No. 11,471, the injunction against the Collector will be dissolved and the judgment reversed; in No. 11,472, the judgment entered will be reversed and the cause remanded with instructions that the government's suit be reinstated.