**SPRECKELS SUGAR COMPANY**
v.
**The UNITED STATES.**
No. 94–55.

United States Court of Claims.
Jan. 31, 1956.

Clarence E. Musto, San Francisco, Cal., for plaintiff. Franklin C. Latcham, and Morrison, Foerster, Holloway, Shuman & Clark, San Francisco, Cal., were on the briefs.

Elizabeth B. Davis, Washington, D. C., with whom was H. Brian Holland, Asst. Atty. Gen., for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

The plaintiff sues to recover interest in the sum of $28,448.97. The question presented is whether the Commissioner of Internal Revenue properly computed interest on a 1941 income tax overpayment due to general adjustments. Both parties have moved for summary judgment.

The undisputed facts may be summarized for the purposes of this decision as follows: The plaintiff duly filed its income and excess profits tax returns for the years 1941 through 1945, and paid the taxes shown due thereon. For 1942, 1943, 1944 and 1945, the excess profits tax returns showed no taxes due, which resulted in unused excess profits tax credits for those years and the carryback of such unused credits from 1942 and 1943 to 1941.

On October 12, 1943, the plaintiff filed a claim for refund of excess profit taxes for 1941 based upon a carryback from the year 1942 of an unused excess profits tax credit. The Commissioner audited the plaintiff's returns and made various adjustments attributable to the carrybacks, and also made general adjustments including the allowance of an income tax overpayment in the amount of $160,979.-47 for 1941, which was not attributable to the carrybacks.

The plaintiff filed a waiver under section 272(d), 26 U.S.C.A. § 272(d), on October 1, 1948, consenting to the assessment and collection of the deficiencies in tax and acceptance of the overassessments. The deficiencies were assessed on November 25, 1949.

The Commissioner computed interest on the $160,979.47 income tax overpayment from December 15, 1942 (the date of overpayment), to March 15, 1943 (the due date of the carryback return). The Commissioner also allowed interest on this overpayment, indirectly, from October 12, 1943, to October 31, 1948 (the thirtieth day after the filing of the waivers under section 272(d)). The Commissioner also computed interest on another part of the overassessment that was credited against the deficiencies to the thirtieth day after the filing of the waiver rather than to the date of assessment of the deficiencies. The defendant concedes that interest on this latter sum should have been allowed to the date of the assessment of the deficiencies against which this sum was credited on November 25, 1949. See Abney Mills v. United States, 130 F.Supp. 353, 131 Ct.Cl. 159, and the cases therein cited; 1955–32 Int. Rev.Bull. 18, Rev.Rul. 55–485. The interest conceded to be due the plaintiff on this latter sum is $12,584.57.

The plaintiff seeks, in addition, interest, on the $160,979.47 income tax overpayment due to general adjustments which was not attributable to carrybacks, from the date of overpayment to the date of assessment of the deficiencies

against which this amount should have been credited, less interest already allowed. The additional interest sought is $15,864.20. The failure of the Commissioner to allow this additional interest resulted from his netting the income tax overpayment due to general adjustments for 1941 against the income tax deficiencies attributable to the carrybacks to 1941, and from computing interest on the net deficiencies. No statutory authority is cited for this procedure of netting and assessment of only the net amounts. Such a procedure is contrary to and frustrates the interest scheme provided in sections 292[1] and 3771[2] of the Code.

Section 292(a) provides that interest at the rate of six percent shall be paid on deficiencies from the date prescribed for the payment of the tax to the date the deficiency is assessed, or in the case of a waiver under section 272(d), to the thirtieth day after the filing of the waiver or to the date the deficiency is assessed whichever is the earlier. Section 3771 (a) and (b) provide that interest at the rate of six percent shall be paid on overpayments from the date of overpayment to a date preceding the date of the refund check by not more than thirty days, or in case of a credit to the date of the assessment of the amount against which the credit is taken.

Sections 322(a) (1)[3] and 3770(a) (4)[4] set forth the crediting authority of the Commissioner with respect to this matter. We see no reason to depart from the statutory scheme of allowance of interest.

The defendant contends that the $160,-979.47 income tax overpayment due to general adjustments was "extinguished" or "eliminated" by the carryback from

---

1. Section 292(a), 26 U.S.C., 1952 ed.:
   "§ 292. *Interest on deficiencies—(a) General rule.* Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax (or, if the tax is paid in installments, from the date prescribed for the payment of the first installment) to the date the deficiency is assessed, or, in the case of a waiver under section 272(d), to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier. * *"

2. Section 3771(a) and (b) (1) and (2), 26 U.S.C., 1952 ed.:
   "§ 3771. *Interest on overpayments— (a) Rate.* Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the rate of 6 per centum per annum.
   "(b) *Period.* Such interest shall be allowed and paid as follows:
   "(1) *Credits.* In the case of a credit, from the date of the overpayment to the due date of the amount against which the credit is taken, but if the amount against which the credit is taken is an additional assessment of a tax imposed by the Revenue Act of 1921, 42 Stat. 227, or any subsequent Revenue Act, then to

the date of the assessment of that amount.
   "(2) *Refunds.* In the case of a refund, from the date of the overpayment to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer. * * *"

3. Section 322(a) (1), 26 U.S.C., 1952 ed.:
   "§ 322. *Refunds and credits—(a) Authorization—(1) Overpayment.* Where there has been an overpayment of any tax imposed by this chapter, the amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance shall be refunded immediately to the taxpayer."

4. Section 3770(a) (4), 26 U.S.C., 1952 ed.:
   "§ 3770. *Authority to make abatements, credits, and refunds—(a) To taxpayers— * * * (4) Credit of overpayment of one class of tax against another class of tax due.* Notwithstanding any provision of law to the contrary, the Commissioner may, in his discretion, in lieu of refunding an overpayment of tax imposed by any provision of this title, credit such overpayment against any tax due from the taxpayer under any other provision of this title."

1942 which resulted in an income tax deficiency in the amount of $191,380.72, and that interest was properly terminated on the $160,979.47 on March 15, 1943 (the effective date of the carryback). The defendant relies on Rodgers v. United States, 108 F.Supp. 727, 123 Ct.Cl. 779. The issue presented and decided in that case was whether the Government was entitled to interest on a deficiency that existed in 1944, which was not assessed because of a net operating loss carryback which resulted in an overpayment in the same year in a larger amount. In that case the Commissioner assessed only the net difference. That case was decided before the Virginia Electric and Power Co. v. United States, 126 F.Supp. 178, 130 Ct.Cl. 189, and Abney Mills v. United States, supra, cases, and the issue of when interest terminated under the statutes on the deficiency and overpayment was not before the court. The Rodgers case, supra, correctly held that interest was due the Government on the deficiency notwithstanding the fact that the deficiency was not formally assessed because the Commissioner had netted the overpayment thereto for the same year. On the issue and the facts in that case we do not see how it can be said that the court was sanctioning as an established rule the netting procedure of the Commissioner and making an exception to the statutory provisions.

In addition to the conceded $12,584.57, the plaintiff is entitled to recover $15,864.20, which is the interest on the $160,979.47 to the assessment date of the deficiencies against which it should have been credited, November 25, 1949, less the interest already allowed, or a total of $28,448.97.

The plaintiff requests interest on this amount but makes no argument and cites no authority for the allowance of interest on interest. Accordingly no interest is allowed on the $28,448.97.

The plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.

Judgment will be entered for plaintiff in the amount of $28,448.97.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.