Halpern, J., dissenting: I join Judge Buch’s dissent and write separately to explain why the second distribution fails. It fails under the statutory definition of a rollover. Mr. Bohner made his payment into CSRS on April 27, 2010, before he received the second distribution on May 3, 2010. Section 408(d)(3)(A) requires that the amount received as a distribution be paid into the eligible retirement plan no later than 60 days after distribution. A distribution cannot be rolled over before it is received. Judge Buch may not have included that reason because some joining his side opinion may have objected that that ground was not raised by respondent. That is not necessarily a valid objection. A deficiency determination may be sustained upon any legal ground that supports it, even though the grounds relied upon by the Commissioner may have been different or unsound. Blansett v. United States, 283 F.2d 474, 478 (8th Cir. 1960); Metrocorp, Inc. v. Commissioner, 116 T.C. 211, 232 (2001); Smith v. Commissioner, 56 T.C. 263, 291 n.17 (1971); Wilkes-Barre Carriage Co. v. Commissioner, 39 T.C. 839, 845-846 (1963), aff’d, 332 F.2d 421 (2d Cir. 1964); Williams v. Commissioner, T.C. Memo. 1997-326. As we said in Barnette v. Commissioner, T.C. Memo. 1992-595, aff’d without published opinion sub nom. Allied Mgmt. Corp. v. Commissioner, 41 F.3d 667 (11th Cir. 1994): It is the Court’s right and obligation to decide the case upon what it considers to be the correct application of the law, based upon the record presented, whether the parties have properly pleaded the controlling issues or not. * * * [I]f the Court feels that a full and fair opportunity to present the facts has been given, and the Court feels that no further briefing on the law is necessary, the Court can go forward and decide the case on the record presented. We have sufficient facts to permit us to determine that the second distribution fails under the statutory definition of a rollover because it could not be rolled over before it was received, and I believe that we are obligated to so conclude. Holmes and Buch, JJ., agree with this dissent.